IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DAVID W. COCHRAN, #45284**                                                            **PETITIONER**

**VERSUS**                                                          **CIVIL ACTION NO. 3:06cv8HTW-JCS**

**CHRISTOPHER EPPS, et al.**                                                         **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. The petitioner, a state prisoner at the time, confined in the Central Mississippi Correctional Facility, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petitioner provided a non-incarcerated address to the Court on May 5, 2006, and in his response filed August 25, 2006, the petitioner states that he "has been released from the custody of the Mississippi Department of Corrections." *Response* [doc. 13], p.1-2.

<u>Background</u>

The petitioner's incarceration was a result of two felony convictions. In 2003, the petitioner was convicted of producing a controlled substance in the Circuit Court of Lamar County, Mississippi and sentenced to 15 years with 14 years suspended, 1 year to serve in the custody of the Mississippi Department of Corrections (MDOC) and 5 years on post- release supervision.[1] *Response* [doc. 11]. The petitioner states that in 2004 he was sentenced to serve 3

---

[1] Post-release supervision is a term of supervision imposed by the sentencing court to be served *after* the prisoner is released from incarceration. The sentencing court, not the department of corrections, retains the authority to terminate this supervision. Miss. Code Ann. §47-7-34; *Miller v. State*, 875 So. 2d 194, 199 (Miss. 2004); *see also Brunson v. State*, 796 So. 2d 284, 286-87 (Miss. App. 2001).

years in the custody of MDOC, concurrent to his existing sentence, by the Circuit Court of Stone County, Mississippi, for felon in possession of a weapon.  *Response* [doc. 11].

Petitioner states that on January 14, 2005, he was released from incarceration and allowed to serve the remainder of his incarcerated sentence under the "earned release supervision" (ERS) program.[2]  However, while on ERS, the petitioner received two rule violation reports and was placed back in the Central Mississippi Correctional Facility.  At the prison disciplinary hearing, the petitioner was found guilty of the charges, and as punishment he claims that he lost good-time credits.  The petitioner's claims are solely related to these rule violation reports and disciplinary hearing, the petitioner is not challenging the validity of his underlying convictions or sentences.  The petitioner claims that his due process rights were violated because he was not afforded an investigation which would have revealed two technical errors on the reports warranting their dismissal.[3]   Therefore, he asserts the loss of his good-time credits was in error.

In the petitioner's pleadings prior to May 5, 2006, he was seeking his immediate release from incarceration as relief.   After the Court was informed of the petitioner's release from incarceration, an order to amend [doc. 12] was entered directing the petitioner to specifically state the requested relief in this action.   In the petitioner's response, he readily admits that he has

---

[2]Earned release supervision is provided for in Miss. Code Ann.§ 47-5-138, which designates  the department of corrections with the authority to develop rules, terms and conditions for the program including conducting revocation hearings for violations of the conditions of the program.  The statute also explicitly states that the "inmate shall retain inmate status and remain under the jurisdiction of the department" and any time served on ERS will not be applied to a reduction in sentence if the ERS is revoked.

[3]The petitioner does not claim that he is innocent of the rule violations, only that his MDOC inmate number was not on the reports and there is a inconsistency between dates contained in the reports.

already been granted the relief he originally sought, his release from incarceration, nonetheless, the petitioner expresses his desire to "seek justice in this case by way of this Honorable Court affirming petitioner's correctness" [sic] and that he "was, in fact, held past his entitled release date." *Response* [doc.13], p.2.

## Analysis

The relevant habeas statute, 28 U.S.C. § 2254, provides the exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). This Court is obliged to raise the subject of mootness *sua sponte*. *Id.* at 278. "A controversy is mooted when there are no longer adverse parties with sufficient legal interest to maintain the litigation." *Goldin v. Barholow*, 166 F.3d 710, 717 (5th Cir.1999). This habeas petition was filed based on the petitioner's allegation that the Mississippi Department of Corrections had unconstitutionally taken his good-time credits. The petitioner sought his immediate release from incarceration as relief. Since the petitioner was released from incarceration, this Court can no longer provide him with that relief. Thus, the petitioner's request is moot. *See Bailey*, 821 F.2d at 278-79 (holding habeas petition challenging prison disciplinary infraction moot after petitioner's release).

Inasmuch as the petitioner, since his release, has requested a ruling from this Court "affirming the correctness" [sic] of his habeas corpus petition, his relief can not be granted. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)(finding courts do not sit to render advisory

3

opinions). An actual controversy must exist at all stages of federal court proceedings. *Adair v. Dretke*, 150 Fed.Appx. 329, 331 (5th Cir. 2005).[4] The petitioner has the burden of demonstrating any "collateral consequences" that he may suffer in order to establish the continuing relevance of this cause. *Id.*, *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The petitioner has failed to allege that he will be subject to any future adverse consequences from the results of the disciplinary hearing.[5]

As stated above, the requested relief of release from incarceration has already been granted to the petitioner. The petitioner has not alleged, much less carried his burden of demonstrating future adverse consequences necessary to defeat mootness. *Bailey*, 821 F.2d at 278. Therefore, dismissal of this habeas petition is appropriate.

A final judgment in accordance with this Memorandum Opinion shall issue this date.

SO ORDERED, this the 18th day of September, 2006.

                                                s/ HENRY T. WINGATE
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[4] In *Adair*, a prisoner filed a habeas corpus case challenging the results of his prison disciplinary proceedings, wherein he lost 275 days of good-time credits. During the pendency of his appeal, the prisoner was released from incarceration and placed on mandatory supervision. The Fifth Circuit found the appeal to have no continuing relevance after the prisoner's release and dismissed the appeal as moot. *Adair*, 150 Fed.Appx. 329.

[5] If the Court were to restore the good-time credits allegedly lost by the petitioner, this would have no effect on the term of his post-release supervision. As stated earlier, post-release supervision is a separate term imposed by the sentencing court, to be served *after* a prisoner is released from incarceration. At the time of the petitioner's release from incarceration, he would have exhausted all of his good-time credits. Hence, restoration of these credits to a term of incarceration that is no longer being served, would be moot.